UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | | |
|---|---|---|
| DEVIN KUGLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | 24-4108 |
| | ) | |
| GREG DONATHAN, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## **MERIT REVIEW ORDER**

Plaintiff, proceeding *pro se* and civilly detained in the Rushville Treatment and Detention Center ("Rushville") pursuant to the Illinois Sexually Violent Persons Commitment Act, 725 ILCS 207/1, pursues an action under 42 U.S.C. § 1983 for alleged constitutional violations. (Doc. 15). Plaintiff seeks leave to proceed *in forma pauperis*. (Doc. 3). The "privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them." *Brewster v. North Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972). A court must dismiss cases proceeding *in forma pauperis* "at any time" if the action is frivolous, malicious, or fails to state a claim, even if part of the filing fee has been paid. 28 U.S.C. § 1915(d)(2). Accordingly, this Court will grant leave to proceed *in forma pauperis* only if the Amended Complaint states a federal claim.

This case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. The Court must "screen" Plaintiff's Amended Complaint and dismiss any legally insufficient claim or the entire action if warranted. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id*. In reviewing the Amended Complaint, the Court

accepts the factual allegations as true, liberally construing them in the Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

## ALLEGATIONS

Plaintiff files suit against Facility Director Gregory Donathan and Assistant Facility Director Erin Posey. Plaintiff alleges Defendants violated his and other residents' constitutional rights by implementing an "illegal policy creating a token society where this Plaintiff and other residents at the TDF are pa[id] for their labor in the form of points 'cashless vending system' where [they] can only spend these 'token points' at the onsite TDF commissary." (Doc. 15 at p. 5). Plaintiff alleges this policy violates their First Amendment right to be paid in U.S. currency for their labor. Plaintiff also alleges Defendants created a policy to require residents to pay cash for services, such as for medical treatment and room and board. Plaintiff alleges this policy places an undue financial burden on him and other residents and violates their constitutional rights because they were involuntarily committed.

## ANALYSIS

As an initial matter, it is not permissible for Plaintiff to attempt to raise claims on behalf of other residents. *See Hunt v. Reagle*, No. 3:23-CV-1012-DRL-MGG, 2023 WL 8598139, at *1 (N.D. Ind. Dec. 11, 2023) (plaintiff lacked standing to assert constitutional claims of other inmates and could not pursue injunctive relief on their behalf) (citing *Massey v. Helman*, 196 F.3d 727, 739-40 (7th Cir. 1999) ("Among these prudential restrictions is the general rule that a litigant must assert his own legal rights and cannot assert the legal rights of a third party.")).

Plaintiff is "not constitutionally entitled to be paid in cash" for jobs he performs at the facility. *Carpenter v. Saddler*, No. 12-CV-3227, 2012 WL 5471953, at *2 (C.D. Ill. Nov. 9, 2012) (dismissing Rushville detainees' claim to be paid in cash for their work). Plaintiff alleges he is required to pay cash for services, such as room and board and health care treatment, based on a policy Defendants created. Plaintiff does not explain what "room and board" consists of or how much he is allegedly charged. "[T]he imposition of a modest fee for medical services, standing alone, does not violate the Constitution." *Poole v. Isaacs*, 703 F.3d 1024, 1027 (7th Cir. 2012). Plaintiff's Amended Complaint is DISMISSED WITH PREJUDICE for failure to state a claim under Federal Rule Civil Procedure 12(b)(6) and 28 U.S.C. § 1915A. Any additional amendments would be futile because Plaintiff cannot allege a cognizable claim on these facts.

**IT IS THEREFORE ORDERED:**

**1) Plaintiff's Amended Complaint is DISMISSED WITH PREJUDICE for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Any further amendment would be futile because Plaintiff cannot allege a cognizable claim on these facts. This case is closed. The Clerk is directed to enter a judgment.**

**2) Plaintiff's Motion for Leave to Proceed *in forma pauperis* [3] is DENIED.**

**3) If Plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal *in forma pauperis* MUST identify the issues Plaintiff will present on appeal to assist the Court in determining whether the appeal is taken in good faith. *See* Fed. R. App. P. 24(a)(1)(c); *see also Celske v. Edwards*, 164 F.3d 396, 398 (7th Cir. 1999) (stating that an appellant should be allowed to submit a statement of the grounds for appealing so that the district judge "can make a reasonable assessment of the issue of good faith"); *Walker v. O'Brien*, 216 F.3d 626, 632 (7th Cir. 2000) (providing that a good-faith appeal is an appeal that "a reasonable person could suppose . . . has some merit" from a legal perspective). If Plaintiff chooses to appeal, he will be liable for the $605.00 appellate filing fee regardless of the outcome of the appeal.**

Entered this 14th day of May, 2025.

                                    *s/Sara Darrow*
                                  SARA DARROW
                           CHIEF U.S. DISTRICT JUDGE